UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL MCGANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-01235-JMS-DML |
| ) | |
| JOHN LAYTON Marion County Sheriff, ) | |
| individually and in his official capacity, ) | |
| TERRY CURRY In his individual and official ) | |
| capacity, ) | |
| BARBARA TRATHEN Individually and in ) | |
| her official capacity, ) | |
| ZACHARY POLLACK, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| ZACHARY POLLACK, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| PAUL MCGANN, ) | |
| ) | |
| Counter Defendant. ) | |

**ORDER ON MOTION TO DISMISS**

Presently pending before the Court is a Motion to Dismiss filed by Defendants Prosecutor Terry Curry and Deputy Prosecutor Barbara Trathen, [Filing No. 23], which Plaintiff Paul McGann opposes, [Filing No. 41]. For the reasons that follow, the Court grants the motion in part and denies the motion in part.

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. When a plaintiff "pleads himself out of court by making allegations sufficient to defeat the suit," dismissal under Rule 12 is appropriate. *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007).

## II.
### RELEVANT BACKGROUND

Consistent with the applicable standard of review set forth above, what follows are the relevant factual allegations from Mr. McGann's Complaint against Prosecutor Curry and Deputy

Prosecutor Trathen. These allegations are considered to be true only for purposes of deciding the pending motion.

On May 24, 2014, Mr. McGann was working as a Marion County Sheriff's Deputy at the Indianapolis Motor Speedway. [Filing No. 1 at 3.] He came into contact with Defendant Zachary Pollack in what is known as the "Coke Lot," and Mr. McGann ultimately arrested Mr. Pollack for resisting law enforcement and possessing alcohol as a minor. [Filing No. 1 at 3.]

Mr. Pollack was charged with Resisting Law Enforcement, as a Class A misdemeanor, and Illegal Possession of Alcohol by a Minor, as a Class C misdemeanor. [Filing No. 1 at 4.] The charges against Mr. Pollack were dismissed in June 2014. [Filing No. 1 at 4.] On approximately July 1, 2014, Defendant Sheriff John Layton advised Mr. McGann that he could either resign as a Sheriff Deputy or be terminated. [Filing No. 1 at 4.]

During the relevant times, Deputy Prosecutor Trathen worked in the screening department of the Marion County Prosecutor's Office. [Filing No. 1 at 5.] Deputy Prosecutor Trathen's early career as a prosecutor was the basis for a CBS television program titled "Close to Home." [Filing No. 1 at 5.] "Close to Home" was produced by Zachary Pollack's father, Michael Pollack. [Filing No. 1 at 5.] Michael Pollack requested that Mr. McGann be criminally prosecuted. [Filing No. 1 at 5.] "The criminal investigation into Mr. McGann by the Marion County Sheriff's Department was personally requested by [Deputy Prosecutor] Trathen." [Filing No. 1 at 5.]

On October 1, 2014, Mr. McGann was charged with one count of Official Misconduct, as a Class D felony, and with one count of Battery Resulting in Bodily Injury, as a Class A misdemeanor, "for his actions while arresting Zachary Pollack." [Filing No. 1 at 4.] Mr. McGann denies assaulting or battering Mr. Pollack. [Filing No. 1 at 4.] As a result of the criminal charges against him, "Mr. McGann was forced [to] resign from the Marion County Sheriff's office."

3

[Filing No. 1 at 4.] Mr. McGann had also been employed as a Marion County Firefighter, and he was suspended without pay from the Indianapolis Fire Department. [Filing No. 1 at 3; Filing No. 1 at 5.]

On September 17, 2015, a jury found Mr. McGann not guilty on all charges against him. [Filing No. 1 at 5.] During depositions for discovery in the criminal case, "sheriff's deputies testified that they would not have pursued an investigation of Mr. McGann if not for the insistence of [Deputy Prosecutor] Trathen." [Filing No. 1 at 5.] The evidence presented in the criminal case showed that Mr. McGann's forced resignation from the Marion County Sheriff's Office and his criminal prosecution "were carried out at the specific behest of Deputy Prosecutor Trathen." [Filing No. 1 at 6.]

On May 19, 2016, Mr. McGann filed a Complaint in this Court against various parties, including Prosecutor Curry and Deputy Prosecutor Trathen. [Filing No. 1.] Mr. McGann asserts a malicious prosecution claim against Prosecutor Curry and Deputy Prosecutor Trathen pursuant to 42 U.S.C. § 1983. [Filing No. 1 at 6-8.] Mr. McGann's claims against Prosecutor Curry are based on his office's alleged "lack[] of policies and procedures to screen off a Prosecutor so obviously conflicted as [Deputy Prosecutor] Trathen." [Filing No. 1 at 6.] Mr. McGann also asserts state law claims against Deputy Prosecutor Trathen for negligent infliction of emotional distress and intentional infliction of emotional distress. [Filing No. 1 at 9-10.] Prosecutor Curry and Deputy Prosecutor Trathen have filed a Motion to Dismiss, [Filing No. 23], which Mr. McGann opposes, [Filing No. 41].

### III.
### DISCUSSION

Prosecutor Curry and Deputy Prosecutor Trathen invoke absolute immunity and ask the Court to dismiss Prosecutor Curry from this case entirely, dismiss Deputy Prosecutor Trathen in

4

her official capacity, dismiss Mr. McGann's malicious prosecution claim against Deputy Prosecutor Trathen in her individual capacity, and dismiss Mr. McGann's state law claims against Deputy Prosecutor Trathen to the extent that they are based on her alleged charging decision or investigation request.[1] [Filing No. 24 at 12.] Prosecutor Curry and Deputy Prosecutor Trathen do not try to invoke qualified immunity at this stage of the litigation. [Filing No. 24; Filing No. 41 at 5.] Because Mr. McGann makes separate allegations against these two Defendants, the Court will address them each separately.

### A. Prosecutor Curry

Mr. McGann asserts a 42 U.S.C. § 1983 claim against Prosecutor Curry for malicious prosecution because his "office lacked the policies and procedures to screen off a Prosecutor so obviously conflicted as Ms. Trathen." [Filing No. 1 at 6-7.] Prosecutor Curry asks that Mr. McGann's claim against him be dismissed because Mr. McGann "does not allege that Curry was personally involved in this action in any way." [Filing No. 24 at 10.] To the extent that Mr. McGann makes a claim against Prosecutor Curry in his official capacity for failing to have conflict screening policies and procedures in place, Prosecutor Curry points out that this is really a claim against the Marion County Prosecutor's Office and argues that United States Supreme Court precedent grants absolute immunity for such a claim because a conflict check requires legal knowledge and the exercise of related discretion. [Filing No. 24 at 9-10 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009)).]

In his response, Mr. McGann focuses on Prosecutor Curry's argument that Supreme Court precedent grants absolute immunity for any claim that his office lacked an adequate conflict check

---

[1] Deputy Prosecutor Trathen does not ask to dismiss "the state-law negligence claims against [her] relating to her alleged influence over [Mr. McGann's] resignation from the Sheriff's Office." [Filing No. 24 at 12.]

system. [Filing No. 41 at 6-8.] Mr. McGann argues that a conflict check is an administrative function for which prosecutors do not enjoy absolute immunity. [Filing No. 41 at 8.] Mr. McGann asks that "at the very least [he] be permitted to do discovery into the background check process in place at the Marion County Prosecutor's Office." [Filing No. 41 at 8.]

In reply, Prosecutor Curry emphasizes that Mr. McGann did not respond to his argument regarding the Complaint's failure to make any factual allegations regarding Prosecutor Curry's personal involvement. [Filing No. 49 at 5-6.] With regard to the alleged failure to have conflict screening policies and procedures in place, Prosecutor Curry contends that such policies require legal knowledge and the exercise of related discretion, such that absolute immunity applies. [Filing No. 49 at 4-5.]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). "It is well-established that a plaintiff only may bring a § 1983 claim against those individuals personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). "Moreover, under § 1983, a plaintiff may not rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates." *Id.* "Rather, the supervisory officials also must have had some personal involvement in the constitutional deprivation, essentially directing or consenting to the challenged conduct." *Id.* at 614-15.

"Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp*, 555 U.S. at 341-43). The United States Supreme Court

has "made clear that absolute immunity may not apply when a prosecutor is not acting as an officer of the court, but is instead engaged in other tasks, say, investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 342 (citation and quotation omitted). To decide whether absolute immunity attaches, the Court "must take account of the 'functional' considerations" of the particular kind of prosecutorial activity at issue. *Id.* (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

In *Van de Kamp*, the Supreme Court concluded that absolute immunity extended to claims against a prosecutor for the alleged failure to properly train, supervise, or establish a system that would have prevented the alleged constitutional violation at issue. 555 U.S. at 339. Unlike purely administrative duties such as workplace hiring, payroll administration, and the maintenance of physical facilities, absolute immunity bars claims that attack an office's administrative procedures that are directly connected with the prosecutor's basic trial advocacy duties. *Id.* at 344; *see also id.* at 346 ("We agree with the Court of Appeals that the office's general methods of supervision and training are at issue here, but we do not agree that that difference is critical for present purposes. That difference does not preclude an intimate connection between prosecutorial activity and the trial process. The management tasks at issue, insofar as they are relevant, concern how and when to make impeachment information available at a trial. They are thereby directly connected with the prosecutor's basic trial advocacy duties."). While the Supreme Court recognized that "sometimes such immunity deprives a plaintiff of compensation that he undoubtedly merits[,] . . . the impediments to the fair, efficient functioning of a prosecutorial office that liability could create" necessitate absolute immunity. *Id.* at 348.

The Court agrees with Prosecutor Curry that Mr. McGann's § 1983 claim against him for malicious prosecution must be dismissed because Mr. McGann does not allege that Prosecutor Curry was personally involved with the alleged constitutional deprivations. Tellingly, Mr.

7

McGann does not dispute this in his response brief, [Filing No. 41], despite Prosecutor Curry raising the argument in his opening brief, [Filing No. 24 at 10-12].  Instead, Mr. McGann's only allegation against Prosecutor Curry is that his "office lacked the policies and procedures to screen off a Prosecutor so obviously conflicted as Ms. Trathen."  [Filing No. 1 at 6-7.]  Prosecutor Curry is absolutely immune from liability for any failure to have such policies pursuant to *Van de Kamp*.  It is beyond dispute that a conflict screening policy envisioned by Mr. McGann would involve legal analysis and judgment to implement and execute, which triggers absolute immunity per *Van de Kamp*.  Because absolute immunity bars Mr. McGann's claim against Prosecutor Curry, the Court agrees with Prosecutor Curry that he should be dismissed from this action.

As a final point, Mr. McGann does not dispute the Defendants' assertion that claims against Prosecutor Curry or Deputy Prosecutor Trathen in their official capacities are really claims against the Marion County Prosecutor's Office.  [Filing No. 24 at 9]; *see Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (suing an official in his or her official capacity "is tantamount to a claim against the government entity itself").  Thus, to succeed on an official capacity claim, Mr. McGann must establish that the constitutional violation he alleges "came about as a result of a custom or policy established by the officials." *Klebanowski*, 540 F.3d at 637 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91(1978)).  Mr. McGann does not make such a claim and instead, in relevant part, cites the lack of a conflict screening policy for his injury.  As detailed above, relief for that allegation—which he only makes against Prosecutor Curry—is barred by absolute immunity because of *Van de Kamp*.  Thus, the Court agrees with Defendants that any claims against Prosecutor Curry or Deputy Prosecutor Trathen in their official capacities are dismissed.

### B. Deputy Prosecutor Trathen

Mr. McGann's claims against Deputy Prosecutor Trathen stem from his allegations—which the Court must take as true at this stage of the litigation—that she personally requested the criminal investigation into Mr. McGann, that she initiated the criminal prosecution against him, and that Mr. McGann's resignation was requested "at her behest." [Filing No. 1 at 4-6.] Deputy Prosecutor Trathen argues that she is entitled to absolute immunity for the criminal investigation and prosecution and that the allegation regarding her role in the resignation request does not support a malicious prosecution claim. [Filing No. 24 at 4.] She emphasizes the breadth of prosecutorial immunity and that it can extend beyond charging decisions and actual trial tasks. [Filing No. 24 at 4-6.] Deputy Prosecutor Trathen asks the Court to dismiss Mr. McGann's malicious prosecution claim in its entirety because she argues the only allegation from which she is not absolutely immune concerns Mr. McGann's forced resignation, which she contends is insufficient to support a malicious prosecution claim. [Filing No. 24 at 8.]

In response, Mr. McGann argues that Deputy Prosecutor Trathen was not acting within the scope of her prosecutorial duties when she requested that Mr. McGann be investigated. [Filing No. 41 at 3-5.] He cites testimony from his criminal trial that the sheriffs would not have investigated Mr. McGann without Deputy Prosecutor Trathen's insistence and points out that Deputy Prosecutor Trathen requested the investigation months before probable cause was established and charges were filed. [Filing No. 41 at 4-5.] Mr. McGann emphasizes that he "makes no allegations that Defendant Trathen participated in the *prosecution* of his case," which he implies he understands would be covered by absolute immunity. [Filing No. 41 at 7 (original emphasis).]

9

In reply, Deputy Prosecutor Trathen argues that Mr. McGann does not allege that she directly participated in or advised law enforcement officers during the investigation. [Filing No. 49 at 3.] Deputy Prosecutor Trathen emphasizes that, instead, Mr. McGann "simply alleges that Trathen asked the Sheriff's Office to investigate McGann's conduct." [Filing No. 49 at 2.] Thus, she argues that she is entitled to absolute immunity for requesting that Mr. McGann be investigated. [Filing No. 49 at 4.]

It is well-established that absolute immunity "encompasses quintessentially prosecutorial functions like an out-of-court effort to control the presentation of a witness' testimony and the acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial." *Bianchi*, 818 F.3d at 318 (citations omitted). Included in this absolute immunity are "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek indictment has been made." *Id.* But a prosecutor "is not absolutely immune for acts that go beyond the strictly prosecutorial to include investigation. A prosecutor acting in an investigative capacity may claim only the same qualified immunity that protects police officers and other law-enforcement investigators." *Id.* (citations omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."). Moreover, a prosecutor may not shield investigative work with absolute immunity "merely because, after a suspect is eventually arrested, indicted, and tried, that work may be retrospectively described as 'preparation' for a possible trial." *Buckley*, 509 U.S. at 276.

After analyzing Mr. McGann's allegations against Deputy Prosecutor Trathen, the Court concludes that she is not entitled to absolute immunity as a matter of law at the motion to dismiss

stage for Mr. McGann's claims stemming from her "insistence" that Mr. McGann be criminally investigated. The Court must consider the well-pleaded allegations of Mr. McGann's Complaint to be true, and he specifically alleges that Deputy Prosecutor Trathen "personally requested" that Mr. McGann be criminal investigated because of her ties to Zachary Pollack's father. [Filing No. 1 at 5.] He also alleges that during the depositions in his criminal case, "sheriff's deputies testified that they would not have pursued an investigation of Mr. McGann if not for the insistence of Ms. Trathen." [Filing No. 1 at 5.] These allegations sufficiently characterize Deputy Prosecutor Trathen's actions as investigative, rather than prosecutorial, such that she is not entitled to absolute immunity as a matter of law on the pending motion. While Deputy Prosecutor Trathen argues that such a conclusion would open all prosecutors up to liability for merely requesting an investigation, that is not true because the Court finds significant the allegations in this case regarding Deputy Prosecutor Trathen's personal involvement with the civilian requesting the investigation and the cited testimony by the sheriff's deputies that they "would not have pursued an investigation of Mr. McGann if not for the insistence of Ms. Trathen." [Filing No. 1 at 5.] Because the nature of these functions was investigative, not prosecutorial, Deputy Prosecutor Trathen is not entitled to absolute immunity for her insistence that Mr. McGann be criminal investigated.

Mr. McGann does not directly respond to Deputy Prosecutor Trathen's argument that she is entitled to absolute immunity for initiating the criminal prosecution—as opposed to the investigation addressed above. He does clarify in his response brief, however, that he "makes no allegations that Defendant Trathen participated in the *prosecution* of his case." [Filing No. 41 at 7 (original emphasis).] Thus, to the extent Mr. McGann alleges that Deputy Prosecutor Trathen could be liable for initiating his criminal prosecution, [Filing No. 1 at 6], the Court agrees with

Deputy Prosecutor Trathen that she is entitled to absolute immunity for her involvement initiating the actual criminal case, since that is a quintessential prosecutorial function.

The last allegation regarding Deputy Prosecutor Trathen's conduct is that Mr. McGann's resignation was requested "at her behest." [Filing No. 1 at 6.] While Deputy Prosecutor Trathen does not argue that she is entitled to absolute immunity for this allegation, she argues that it cannot support Mr. McGann's malicious prosecution claim because requesting the resignation "did not institute an action against him or cause an action to be instituted against him," which is an element of that claim. [Filing No. 24 at 8 (citing *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) ("Under Indiana law, the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. Malice may be shown by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances.")).] Mr. McGann does not respond to this argument. [Filing No. 41.] While the Court agrees that the allegation surrounding Deputy Prosecutor Trathen's involvement with Mr. McGann's resignation cannot support a claim for malicious prosecution on its own because it did not result in the criminal action being instituted against him, which Mr. McGann does not dispute, the Court disagrees that Mr. McGann's malicious prosecution claim should be dismissed as a matter of law at this time. As detailed above, the Court has rejected Deputy Prosecutor Trathen's argument that she is entitled to absolute immunity for her insistence that Mr. McGann be criminal investigated. Deputy Prosecutor Trathen does not argue that this allegation could not support a malicious prosecution claim as a matter of law. Moreover, the involvement of Deputy Prosecutor Trathen in Mr. McGann's resignation could

be relevant to the showing of malice, or personal animosity. Thus, Mr. McGann's malicious prosecution claim against Deputy Prosecutor Trathen survives the pending motion.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **GRANTS IN PART AND DENIES IN PART** Prosecutor Curry and Deputy Prosecutor Trathen's Motion to Dismiss. [Filing No. 23.] With regard to Prosecutor Curry, the pending motion is **GRANTED** and Mr. McGann's malicious prosecution claim against Prosecutor Curry in his official and individual capacities is **DISMISSED**. No other claims remain pending against Prosecutor Curry in this litigation.

With regard to Deputy Prosecutor Trathen, the pending motion is **GRANTED** to the extent that any claim against her in her official capacity is **DISMISSED**. It is also **GRANTED** to the extent that Mr. McGann alleges that Deputy Prosecutor Trathen could be liable for initiating his criminal prosecution because Deputy Prosecutor Trathen is entitled to absolute immunity for such action. The pending motion is **DENIED** with respect to Deputy Prosecutor Trathen's argument that she is entitled to absolute immunity at this stage of the litigation for her insistence that Mr. McGann be criminally investigated. The pending motion is also **DENIED** to the extent it requests the Court to dismiss Mr. McGann's malicious prosecution claim against Deputy Prosecutor Trathen in her individual capacity.

11/10/2016

_signature: Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution to Counsel via CM/ECF**